UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| DOMINIC J. LAUTIERI, *Plaintiff,* | : : |
| vs. | : C.A. No. |
| THE TOWN OF PORTSMOUTH, by and through its Finance Director, Lisa M. Lasky, *Defendant.* | : : : |

## COMPLAINT

### Introductory Statement

1. This is an action for money damages, injunctive and declaratory relief, filed by the Plaintiff, Dominic J. Lautieri, who is employed by the Defendant, Town of Portsmouth as a Captain with the Portsmouth Fire Department. The Plaintiffs' claims are grounded on the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and Rhode Island law as to claims for declaratory relief.

### Statement of Jurisdiction

2. This Honorable Court has federal question jurisdiction of both the Plaintiff's claims for money damages, injunctive relief and declaratory relief, as those claims assert federal questions, under 28 U.S.C. § 1331. Plaintiffs claims are brought under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*. By reason of the fact that the Plaintiff has brought claims under the Americans with Disabilities Act, this Honorable Court has jurisdiction over the Plaintiffs' claims for declaratory relief, brought under 28 U.S.C. § 2201, *et seq.*.

### Factual Allegations

3. The Plaintiff, Dominic J. Lautieri, is currently employed by the Town of

-1-

Portsmouth, Rhode Island, as a Captain with the Portsmouth Fire Department.

4. During his career with the Portsmouth Fire Department, the Plaintiff has been the recipient of numerous honors and accommodations, including being named the "Emergency Medical Technician of the Year" by the Rhode Island Department of Health.

5. The Plaintiff has further distinguished himself by working on a "Heart Healthy" program to benefit the wellness of residents of the Town of Portsmouth.

6. On June 17, 2019, Captain Lautieri suffered an injury in the course of his employment with the Portsmouth Fire Department, specifically, a right distal biceps tendon tear/ lateral epicondyle tendinopathy and radial tunnel syndrome.

7. Since the June 17, 2019 injury sustained by Captain Lautieri in the course of his employment, the Portsmouth Fire Department has provided payment to him under Rhode Island General Laws § 45-19-1.

8. Subsequent to the June 17, 2019 injury, the Town of Portsmouth had, on occasion, accommodated the Plaintiff's injuries by affording him the opportunity to work in a light duty capacity.

9. The injuries sustained by the Plaintiff in the June 17, 2019 incident have rendered him disabled within the meaning of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.*, as the Plaintiff's injury to his right arm, a right distal biceps tendon tear/lateral epicondyle tendinopathy and radial tunnel syndrome, constitutes a major impairment, which limits a major life activity, specifically, performing manual tasks and working.

10. After Plaintiff's most recent medical appointment with the physician who has been treating him for the June 17, 2019 injury, on October 22, 2020, the physician stated that

Captain Lautieri was "partially disabled. Unable to work as fireman. Must complete work hardening program."

11. The Town of Portsmouth is in receipt of a written record of the Plaintiff's treating physician's October 22, 2020 treatment note.

12. The Plaintiff's physician's recommendation of a work-hardening program for the petitioner acted a request for an accommodation of the Plaintiff's disability under the ADA.

13. The Plaintiff's treating physician also indicated in the October 22, 2020 treatment note that he would "re-evaluate on 11/23/2020."

14. On October 29, 2020, the Town of Portsmouth's Human Resources Director, Lisa Puglia, informed the Plaintiff by a letter that the Town wished to "schedule a meeting with you to place you on a retirement disability pension, calculated at fifty percent (50%) of your annual earnings, with an effective date of November 15, 2020."

15. The decision of the Town of Portsmouth to place the Plaintiff on a disability retirement, where the petitioner has yet to achieve maximum medical improvement, violates the provisions of the applicable collective bargaining agreement with the Town and the Plaintiff's collective bargaining representative, Local 1949 of the International Association of Firefighters.

16. The decision of the Town of Portsmouth to place the Plaintiff on a disability retirement, where the Plaintiff's physician recommended a work hardening program violates the provisions of the U.S.C. § 12101, *et seq.*, as the decision constituted retaliation for the Plaintiff's request for an accommodation of a recommended work hardening treatment program.

17. Subsequently, the Town of Portsmouth agreed to wait until March 20, 2021 to make a decision on whether the Plaintiff would be involuntarily placed on a disability pension.

18. After successful completion of a work hardening program, it is likely that the Plaintiff will be able to perform the job functions of a firefighter Captain, or other light duty assignments, which the petitioner has successfully completed subsequent to the June 17, 2019 injury.

19. As a result, the Plaintiff is a qualified individual under the ADA, as with or without reasonable accommodation, he could perform the essential functions of his role as a firefighter Captain, including performing light duty assignments.

20. Currently, the Plaintiff is scheduled to begin a work hardening therapy program, prescribed by the Plaintiff's primary care physician, however, the Plaintiff will not regain full strength by March 20, 2021, the date by which the Defendant, Town of Portsmouth, will place the Plaintiff on an involuntary disability pension.

21. If the Plaintiff is placed on a involuntary disability retirement, as stated by the Town of Portsmouth in its October 29, 2020 letter, the Plaintiff will lose the opportunity to engage in further work hardening treatment, which will cause him irreparable harm.

22. Subsequent to the Plaintiff's initial request for an accommodation by having the Plaintiff work in a light-duty capacity, the Plaintiff has made multiple requests for a light-duty assignment, however, the Defendant Town of Portsmouth has refused to agree to allow the Plaintiff to work in a light-duty capacity, despite the fact that there are light-duty opportunities within the Portsmouth Fire Department for which the Plaintiff is qualified.

23. Most recently, the Town rejected the Plaintiff's request for a light-duty opportunity on January 14, 2021.

24. The expected decision of the Town of Portsmouth to place the petitioner on an

involuntary disability retirement is in retaliation for the petitioner's request for an accommodation to be placed on light duty status, and is in violation of the ADA, U.S.C. § 12101, *et seq..*

25. The Plaintiff has received a "Right To Sue Letter" from the Equal Employment Opportunity Commission and has filed this Complaint within the time set on the Notice.

## COUNT ONE
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101

26. The Plaintiff hereby incorporates by reference and re-alleges each and every allegation set forth above in paragraphs 1 through 26, inclusive, in Count One.

27. As a result of the failure of the Town of Portsmouth to provide the Plaintiff with a light duty assignment, for which the Plaintiff qualifies, the Town has violated the Americans With Disability Act, 42 U.S.C. § 12101, *et seq..*

28. As a result of the failure of the Town of Portsmouth to provide the Plaintiff with a light duty assignment, the Plaintiff has suffered damages, including increased stress, and loss of enjoyment of life.

29. Given the exemplary accomplishments of the Plaintiff during his tenure with the Portsmouth Fire Department, the failure of the Town of provide an accommodation for his documented disability has increased the Plaintiff's stress level.

30. In the event that the Town of Portsmouth involuntarily places the Plaintiff on a disability pension on or about March 20, 2021, the Plaintiff will suffer irreparable harm as his "Injured on Duty Benefits", provided by Rhode Island General Laws § 45-19-1, will cease, which, in turn, will prevent the Plaintiff from regaining his full health.

WHEREFORE, the Plaintiff demands that this Honorable Court award the following relief:

1. That the Plaintiff be awarded compensatory damages;

2. That the Plaintiff be awarded punitive damages;

3. That this Honorable Court restrain and enjoin the Town of Portsmouth placing the Plaintiff on an involuntary disability retirement until further order of the Court.

4. That the Plaintiff be awarded attorney's fees, costs and such other and further relief as may be deemed appropriate and just.

## COUNT TWO
## DECLARATORY RELIEF 28 U.S.C. § 2201, *et seq.*,
## VIOLATION OF AMERICANS WITH DISABILITIES ACT
## 42 U.S.C. § 12101, *et seq.*.

31. The Plaintiff hereby incorporates by reference the allegations set forth above in paragraphs 1 through 30, inclusive, in Count Two.

32. Relying on the provisions Article IX of the Collective Bargaining Agreement between the Plaintiff's collective bargaining representative and the Town of Portsmouth, the Town of Portsmouth has advised the Plaintiff, and his counsel, that the Town will place the Plaintiff on an involuntary disability pension on or about March 20, 2021.

33. The Town's decision violates the Americans' with Disabilities Act as the decision does not afford the Plaintiff with a requested accommodation, the ability to engage in treatment for his work-related injury designed to restore his full capacity to work as a Fire Captain.

34. The Town's reliance on the provisions of the Collective Bargaining Agreement, without considering the Plaintiff's requests for accommodation violates the Americans with Disabilities Act 42 U.S.C. § 12101, *et seq.*.

-6-

35. At all times pertinent hereto, the Town of Portsmouth was created by a Home Rule Charter enacted by the Rhode Island General Assembly.

36. The Portsmouth Town Charter provided that pensions for employees of the Town would be governed by the Town Pension Plan.

37. At all times pertinent hereto, the Town Pension Plan provided that a Portsmouth Fire Department employee, like the Plaintiff, would receive a service-connected disability pension of 66 and 2/3 percent ( 66 2/3 %) of his salary.

38. In 2019, the Town of Portsmouth and the Plaintiff's collective bargaining representative entered into a collective bargaining agreement that provided, in pertinent part, that a Portsmouth Fire Department employee, like the Plaintiff, would receive a service-connected disability pension of fifty percent (50%) of his salary.

39. Under the provisions of Article IX of the collective bargaining agreement by and between the Town of Portsmouth and the Plaintiff's collective bargaining representative, an employee of the Portsmouth Fire Department must meet the following criteria:

   a) The firefighter must have been hired before July 1, 2013;
   b) The firefighter must have been examined by a physician appointed by the Town; and
   c) The firefighter must have remained away from regular employment with the fire department for a period of eighteen (18) months; and
   d) The firefighter shall be entitled to receive disability benefits upon being found unfit for duty.

40. The criteria set out above in paragraph 39 discriminate against employees of the Portsmouth Fire Department, and the Plaintiff, by failing to allow a member to have a reasonable amount of time to rehabilitate from an injury prior to be placed into an involuntary disability retirement, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*.

41. The criteria set out above in paragraph 39 violate the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq., because the criteria allow for an involuntary disability retirement without providing an injured employee, and the Plaintiff, the opportunity for an accommodation, such as a light duty assignment.

42. The provisions of the 2019 collective bargaining agreement, to the extent that the agreement provides for a service-connected disability pension benefit that is lower than that authorized by the Town of Portsmouth Charter, is *ultra vires* and of no legal force and effect.

WHEREFORE, the Plaintiff moves that the Court, after hearing, enter a declaratory judgment declaring that:

1. The Town's decision to involuntarily place the Plaintiff on a service-connected disability pension violates the Americans' with Disabilities Act as the decision does not afford the Plaintiff with a requested accommodation, the ability to engage in treatment for his work-related injury designed to restore his full capacity to work as a Fire Captain.

2. The Town's decision violates the Americans' with Disabilities Act as the decision does not afford the Plaintiff with a requested accommodation, allowing the Plaintiff to work in a light duty capacity while engaging in treatment for his work-related injury designed to restore his full capacity to work as a Fire Captain.

3. The provisions of Article IX of the 2019 collective bargaining agreement, to the extent that the agreement provides for a service-connected disability pension benefit that is lower than that authorized by the Town of Portsmouth Charter, is *ultra vires* and of no legal force and effect.

4. That the Plaintiff be awarded attorney's fees, costs and such other and further relief as may be deemed appropriate and just.

>The Plaintiff,
>Dominic J. Lautieri,
>By his attorney,
>
>/s/Edward C. Roy, Esq.
>EDWARD C. ROY, ESQUIRE
>577 Tiogue Avenue, 2nd Floor
>Coventry, RI 02816
>(401) 823-0488
>(401) 823-0486   Facsimile
>Edward_Roy@hotmail.com

## JURY TRIAL DEMAND

The plaintiff hereby demands a trial by jury as to all causes triable by jury.

>/s/Edward C. Roy, Esquire